# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LATRICIA JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| CITY OF BIRMINGHAM, | ) |
| | ) |
| Defendant. | ) JURY TRIAL REQUESTED |

## COMPLAINT

## INTRODUCTION

1.  This is an action for legal and equitable relief to redress unlawful discrimination by the Defendant on the basis of race, disability, retaliation and a hostile work environment against Latricia Jones (hereinafter "Plaintiff"), a former employee of the City of Birmingham. This suit is brought to secure the protection of and to redress the deprivation of rights secured by the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101et. seq., as amended and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C.

1

2000e, 42 U.S.C. § 1981, as amended and 42 U.S.C. § 1983. Plaintiff requests a trial by jury of all triable issues.

## JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.,* 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1983.

3. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1343(a)(3), 42 U.S.C. § 1981, 42 U.S.C. § 1983 and 42 U.S.C. § 2000e, *et. seq*.

4. This action is brought within the State where the unlawful employment practices were committed, making venue proper under 42 U.S.C. 2000e-5(f)(3).

5. Plaintiff's claims are authorized by 28 U.S.C. § § 2201 and 2202 (declaratory judgments), and Fed. R. Civ. P. Rule 57.

6. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

7. Venue is proper in this Honorable Court.

## PARTIES

8. Plaintiff Latricia Jones ("Plaintiff") is an African American female citizen of the United States and of the State of Alabama. She is a resident of this Judicial District and Division.

9. Defendant City of Birmingham ("Defendant" or City") is a local agency of the State of Alabama. At all times relevant hereto, the Defendant has engaged in business in Birmingham, Alabama and has been an employer within the meaning of 42 U.S.C. § 2000e(a), Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto. At all times relevant to this action, the Defendant has maintained and operated a business in Alabama and has fifteen (15) or more employees and is considered an employer for Title VII purposes and the 1991 amendments thereto.

## ADMINISTRATIVE PROCEDURES

10. Plaintiff brings this action for the unlawful employment practices, acts of intentional discrimination, retaliation, and the creation of a hostile work environment that occurred against the Plaintiff at the City of Birmingham.

11. This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment.

12. Plaintiff timely filed her Charge of Discrimination (420-2022-01274) against Defendant with the Equal Employment Opportunity Commission (EEOC) on or about February 17, 2022, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

13. Plaintiff filed suit within ninety (90) days of receipt of her Notice of Right to Sue.

14. All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## STATEMENT OF FACTS

15. Plaintiff, Latricia Jones, is an African American female.

16. Plaintiff began employment with the City in or around December 8, 1997 as a communications service clerk.

17. Plaintiff is a former employee of the Defendant and last worked as a public safety dispatcher. Plaintiff was qualified to perform the job of public safety dispatcher.

18. Plaintiff has been discriminated against because of her race and disability and retaliated against because of her request for a reasonable accommodation under the Americans With Disabilities Act of 1990.

19. On or about April 23, 2021, Plaintiff had emergency surgery to repair an umbilical hernia.

20. Plaintiff returned to work on or about June 9, 2021.

21. On or about June 10, 2021, Plaintiff suffered an aneurysm and had to be taken by ambulance to the emergency room.

22. After returning to work following the aneurysm, Plaintiff informed her

supervisors that Plaintiff's doctor recommended that accommodations be made for Plaintiff at work. The Defendant refused to accommodate this request and instead began to create a hostile work environment that included scheduling Plaintiff inconsistent and unjustifiable shifts.

23. In or about July 2021, Plaintiff was informed by the Defendant that she was not "fit for duty" and that the Defendant requested that Plaintiff take a voluntary demotion. The demotion that was proposed to Plaintiff was a significant reduction in salary.

24. On or about August 4, 2021, Plaintiff completed the City of Birmingham's official ADA request for reasonable accommodation.

25. In or about September 2021, Plaintiff was informed by the Defendant that her request for accommodation was denied, and that Plaintiff would have to choose to either resign or take the proposed demotion.

26. On or about September 27, 2021, Plaintiff was informed by the Defendant that Plaintiff's last day would be September 30, 2021 and that Plaintiff had to decide if she would take the demotion or resign.

27. Plaintiff was forced to apply for ordinary disability through the City of Birmingham's pension system due to the Defendant's refusal to make a reasonable accommodation for her. Plaintiff was constructively discharged from her employment with the Defendant.

28. The Defendant granted a reasonable accommodation for another public safety dispatcher, Alan Joiner, a white male, yet denied the same to Plaintiff.

29. The Defendant has a habit and/or practice of allowing and condoning discrimination based on disability and race, as well as retaliating against its employees.

30. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

## COUNT ONE
## DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101 et. seq., AS AMENDED

31. Plaintiff hereby adopts and re-alleges paragraphs one (1) through thirty (30) as if fully set forth herein.

32. The Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq., prohibits discrimination against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

33. Plaintiff suffers from a disability that is a physical and/or mental impairment that substantially limits one or more major life activities of Plaintiff, as defined in The Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq.

34. After asserting her rights under the ADA and requesting a reasonable accommodation, the Defendant created a hostile work environment and refused to accommodate Plaintiff, giving her the only options of resignation or significant demotion.

35. Defendant refused to make reasonable accommodations to the known physical and/or mental limitations of Plaintiff.

36. Defendant has discriminated against Plaintiff in the advancement, terms, conditions, and privileges of his employment on the basis of her disability in violation of The Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq.

37. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race as typified in its Conciliation Agreement, September 8, 2017 and retaliating against its employees.

38. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

**COUNT TWO**
**RETALIATION IN VIOALTION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12203 et. seq., AS AMENDED**

39. Plaintiff hereby adopts and re-alleges paragraphs one (1) through thirty (30) as if fully set forth herein.

40. After asserting her rights under the ADA and requesting a reasonable accommodation, the Defendant created a hostile work environment and refused to accommodate Plaintiff, giving her the only options of resignation or significant demotion.

41. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

**COUNT THREE**
**PLAINTIFF'S CLAIMS OF RACE DISCRIMINATION**
**IN VIOLATION OF TITLE VII AGAINST DEFENDANT**

42. Plaintiff hereby adopts and re-alleges paragraphs one (1) through thirty (30) as if fully set forth herein.

43. Plaintiff has been discriminated against by Defendant based on her race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

44. Plaintiff informed Defendant of her disability and the Defendant refused to grant her reasonable accommodation for her disability.

45. The Defendant granted a similar reasonable accommodation for another

public safety dispatcher, Alan Joiner, a white male, yet denied the same to Plaintiff.

46. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

## GENERAL PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A. Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964 and the amendments thereto, 42 U.S.C. 2000e, et seq., as amended by the Civil Rights Act of 1991 and the Americans with Disabilities Act;

B. Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory and retaliatory employment practices;

C. Grant Plaintiff the appropriate amounts of backpay, interest, benefits, damages, pay raises with back pay, and reinstatement to the job position from which he was discriminatorily denied, or in the alternative, front pay;

D. Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

E. Grant Plaintiff an award of punitive damages;

F.  Award Plaintiff her costs and expenses, including an award of reasonable attorney's fees; and,

G.  Award such other relief as may be appropriate.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.**

Respectfully Submitted,

/s/ Scott T. Morro
Scott T. Morro (ASB-4954-C30M)
Attorney for Plaintiff
Morro Law Center, LLC
P.O. Box 1644
Gardendale, AL 35071
Telephone: (205)631-6301
Fax: (205) 285-8542
morrowlawcenter@bellsouth.net


PLAINTIFF TO SERVE VIA PRIVATE PROCESS SERVER