FILED

2023 Sep-15  PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **LATRICIA JONES,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:23-cv-00513-ACA** |
| | ] | |
| **CITY OF BIRMINGHAM,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION

Plaintiff Latricia Jones sues her former employer, Defendant City of Birmingham, for (1) disability discrimination, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112(a) ("Count One"); (2) retaliation, in violation of the ADA, 42 U.S.C. § 12203 ("Count Two"); and (3) racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Count Three"). (Doc. 1 at 6–9). The City moves for a more definite statement of Counts One and Two and to dismiss Count Three. (Doc. 6). The City also moves to dismiss Ms. Jones's 42 U.S.C. § 1983 count, to the extent she raises one, and her request for punitive damages. (*Id.* at 5–6, 9).

The court **WILL GRANT IN PART** and **WILL DENY IN PART** the City's motion. The court **WILL DENY** the City's motion for a more definite statement of Counts One and Two because the City incorrectly argues that Ms. Jones is required

to plead with particularity. The court **WILL DENY** the City's motion to dismiss Count Three because it incorrectly argues that Ms. Jones must plead a *prima facie* case of racial discrimination in violation of Title VII and Ms. Jones has adequately pleaded a claim for racial discrimination under Title VII. The court **WILL DENY AS MOOT** the City's motion to dismiss Ms. Jones's § 1983 claim because Ms. Jones does not plead a § 1983 claim. Finally, the court **WILL GRANT** the City's motion to dismiss Ms. Jones's request for punitive damages and **WILL DISMISS WITH PREJUDICE** Ms. Jones's request for punitive damages.

## I.   BACKGROUND

In considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). Ms. Jones alleges that she is an African American female who worked for the City as a public safety dispatcher. (Doc. 1 at 4 ¶¶ 15–17). She had emergency surgery in April 2021 and returned to work in June 2021. (*Id.* at 4 ¶¶ 19–20). The day after she returned to work, she had an aneurysm, causing her to miss more work. (*Id.* at 4 ¶¶ 21–22).

Ms. Jones's doctors recommended that she receive accommodations at work. (*Id.* at 4–5 ¶ 22). Ms. Jones notified the City of her doctor's recommendation and later filed an official ADA request for a reasonable accommodation. (Doc. 1 at 4–5

¶¶ 22, 24). Rather than grant Ms. Jones's request for accommodation as it had for a white public safety dispatcher, the City denied Ms. Jones's request, declared her unfit for duty, and asked her to accept a voluntary demotion or resign. (*Id.* at 5–6 ¶¶ 22–28). Ms. Jones alleges the City constructively discharged her from her position. (*Id.* at 5 ¶ 27).

## II.    DISCUSSION

The City moves for a more definite statement of Counts One and Two. (Doc. 6 at 9–11). The City also moves to dismiss Count Three; Ms. Jones's § 1983 claim, to the extent she raises one; and her demand for punitive damages. (*Id.* at 3–7, 9). The court will address the motion for a more definite statement first, followed by the motion to dismiss.

### 1.   Motion for a More Definite Statement of Counts One and Two

In Count One, Ms. Jones asserts that the City discriminated against her in violation of the ADA by (1) failing to accommodate her, (2) creating a hostile work environment, and (3) constructively discharging her. (Doc. 1 at 7 ¶ 34, 36). In Count Two, she alleges retaliation under the ADA based on the same conduct as Count One: the City retaliated against her by (1) failing to accommodate her, (2) creating a hostile work environment, and (3) constructively discharging her. (*Id.* at 8 ¶ 40).

The City does not argue that Ms. Jones fails to state a claim in Count One or Count Two. (*See* doc. 6 at 9–11; doc. 11 at 4). Instead, it requests that Ms. Jones

provide a more definite statement of the theory of liability under which she brings her claims; specifically, it contends that she is "required to plead with particularity what each of her claims are based upon and the theory of liability upon which they are based." (Doc. 6 at 9–11).

Usually, a plaintiff is required only to plead a short and plain statement of the claim showing that she is plausibly entitled to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Federal Rules of Civil Procedure require pleading with particularity only for fraud or mistake. Fed. R. Civ. P. 9(b); *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1216 (11th Cir. 2020). But Ms. Jones is not alleging fraud or mistake and is therefore not required to plead with particularity. *See Evans v. McClain of Ga., Inc.*, 131 F.3d 957, 964 n.2 (11th Cir. 1997). And in any event, Ms. Jones has clearly identified the theories of liability on which she relies. Accordingly, the court **WILL DENY** the City's motion for a more definite statement of Counts One and Two.

Counts One and Two include claims that the City discriminated and retaliated against Ms. Jones by creating a hostile work environment. (Doc. 1 at 7 ¶ 34, 8 ¶ 40). Although the City does not move to dismiss Counts One and Two as a whole (*see* doc. 11 at 4), it does move to dismiss the hostile work environment claim in each count (doc. 6 at 7–9). But it cites no legal authority to support dismissal of those claims under the ADA discrimination or retaliation statutes. (Doc. 6 at 7–9). Instead,

it returns to its same argument that Ms. Jones has failed to plead the claims with particularity, which, as described above, she is not required to do. (*Id.*); s*ee* Fed. R. Civ. P. 8(a)(2); 9(b); *Ashcroft*, 556 U.S. at 677–78; *Cisneros*, 972 F.3d at 1216. Therefore, to the extent the City moves to dismiss the hostile work environment claims in Counts One and Two, the court **WILL DENY** that motion.

2.   Motion to Dismiss Count Three

In Count Three, Ms. Jones alleges the City discriminated against her because of her race in violation of Title VII. (Doc. 1 at 8 ¶ 43). Title VII prohibits an employer from discriminating against an employee because of the employee's race. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). "To state a race-discrimination claim under Title VII, a complaint need only provide enough factual matter (taken as true) to suggest intentional race discrimination." *Id.* (quotation marks omitted).

The City argues that Ms. Jones has not stated a claim because she has failed to plead a *prima facie* case of racial discrimination. (Doc. 6 at 5). Although under the *McDonnell Douglas* burden-shifting framework, a plaintiff can establish intentional discrimination through circumstantial evidence by first demonstrating a *prima facie* case of discrimination, that framework is an evidentiary standard, not a pleading requirement. *Lewis v. City of Union City*, 918 F.3d 1213, 1217 (11th Cir. 2019) (en banc); *Surtain*, 789 F.3d at 1246. Under Rule 8(a)(2), Ms. Jones need only

provide a short and plain statement showing she is plausibly entitled to relief. *See Ashcroft*, 556 U.S. 677–78. Accordingly, Ms. Jones's failure to plead a *prima facie* case does not mean she failed to state a claim.

Next, the City argues that Count Three should be dismissed because Ms. Jones failed to plead facts to suggest race was a contributing factor in an employment decision. (Doc. 6 at 5). But Ms. Jones has pleaded that a similarly situated public safety dispatcher of a different race than her was treated more favorably than she was. (Doc. 1 at 4 ¶ 15, 8–9 ¶ 45). Therefore, Ms. Jones has plausibly pleaded that race contributed to the City's decision to constructively discharge her. Accordingly, the court **WILLY DENY** the City's motion to dismiss Count Three. (Doc. 6).

### 3.  Section 1983 Claim

The City also argues that Ms. Jones has pleaded a § 1983 claim and it should be dismissed. (Doc. 6 at 5–7). Ms. Jones cites § 1983 only in her introductory, jurisdiction, and venue sections of her complaint. (Doc. 1 at 1–2 ¶¶ 1–3). She does not plead a § 1983 count. (Doc. 1). And she does not respond to the City's motion dismissing that claim. (Doc. 10). Because Ms. Jones's complaint does not assert a substantive count seeking relief under § 1983, the court **WILL DENY AS MOOT** the City's motion to dismiss that claim. (Doc. 6 at 5–7).

4.  Punitive Damages

Ms. Jones's complaint also seeks punitive damages. (Doc. 1 at 9). The City argues that Alabama law prohibits an award of punitive damages against a municipality. (Doc. 6 at 9). It also cites *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981) for the proposition that municipalities are not subject to punitive damages.[1] (*Id.*) Ms. Jones's response to the City's motion to dismiss does not address any of these arguments. (Doc. 10).

A plaintiff may recover punitive damages for intentional discrimination under both Title VII and the ADA. 42 U.S.C. §§ 1981a(a)(1)–(2), (b)(1). But punitive damages against "a government, government agency or political subdivision" are prohibited. *Id.* § 1981a(b)(1). Because Ms. Jones filed suit against a city, she is not entitled to recovery of punitive damages from the City under Title VII or the ADA. *See Booth v. Pasco Cnty.*, 757 F.3d 1198, 1206 n.12 (11th Cir. 2014). Accordingly, the Court **WILL GRANT** the motion to dismiss and **WILL DISMISS WITH PREJUDICE** Ms. Jones's claim for punitive damages. (Doc. 1 at 9).

III.   CONCLUSION

The court **WILL GRANT IN PART** and **WILL DENY IN PART** the City's motion to dismiss. The court **WILL DENY** the City's motion for a more particular

---

[1] *City of Newport* held that a municipality is immune from punitive damages under § 1983. 453 U.S. at 271. As explained above, Ms. Jones is not asserting a § 1983 claim.

statement of Counts One and Two. The court **WILL DENY** the City's motion to dismiss Count Three. The court **WILL DENY AS MOOT** the City's motion to dismiss Ms. Jones's § 1983 claim. Finally, the court **WILL GRANT** the City's motion to dismiss Ms. Jones's request for punitive damages and **WILL DISMISS WITH PREJUDICE** the part of the complaint that alleges Ms. Jones is entitled to punitive damages.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this September 15, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE