FILED

2026 Apr-30  AM 10:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LATRICIA JONES,                    ]
                                   ]
     Plaintiff,                    ]
                                   ]
v.                                 ]        Case No. 2:23-cv-513-ACA
                                   ]
CITY OF BIRMINGHAM,                ]
                                   ]
     Defendant.                    ]

## MEMORANDUM OPINION

After Plaintiff Latricia Jones left her position as a public safety dispatch supervisor with Defendant City of Birmingham, she sued the City for race and disability discrimination. (Doc. 1). The court previously granted summary judgment to the City on all claims except for retaliatory hostile work environment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12203(a). (Docs. 49, 50). With the court's leave (doc. 53), the City now moves for summary judgment on that claim (doc. 54).[1] The court **WILL GRANT** the City's motion and **WILL ENTER SUMMARY JUDGMENT** in its favor.

---

[1] The City maintains that Ms. Jones abandoned her retaliatory work environment claim by not clearly pleading it in her complaint and not discussing it in her responses to the City's earlier motions for a more definite statement and for summary judgment. (Doc. 54 at 2–3). The court has already determined that she sufficiently asserted the claim. (Doc. 14 at 4–5). And the court already determined that the City did not move for summary judgment on the retaliatory hostile work environment claim in its initial motion for summary judgment (doc. 49 at 13–14), so Ms. Jones had no reason to respond to an argument that was never made. *See In re Egidi*, 571 F.3d 1156,

Because the court has already detailed the factual background of this case (doc. 49 at 2–6), the court incorporates those facts for background and limits itself to the facts directly relevant to this claim. Ms. Jones was employed by the City of Birmingham as a public safety dispatch supervisor. (Doc. 34-1 at 27). In December 2020, Antoinette King became Ms. Jones's supervisor. (*Id.* at 37). Within one week of Ms. King becoming Ms. Jones's supervisor, Ms. Jones "knew [she] needed to stay away from Ms. King." (*Id.* at 76–77). Ms. Jones attested that Ms. King "didn't care for" and "didn't really try to interact" with her; "singled her out"; and told Ms. Jones, "word on the street is you don't even like me." (*Id.* at 80–81). In July 2021, Ms. Jones suffered a cavernous intercranial aneurysm and sought accommodations for her disability. (*Id.* at 39, 46; doc. 34-2 at 20–21).

In deciding a motion for summary judgment, the court must determine whether, accepting the evidence in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]here is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Looney v. Moore*, 886 F.3d 1058, 1062 (11th Cir. 2018) (quotation marks omitted).

---

1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived."); *see also Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) ("A party cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions." (quotation marks omitted)).

Ms. Jones alleges that the City retaliated against her in violation of the ADA by creating a hostile work environment after she engaged in protected activity by requesting an accommodation for her disability. (Doc. 1 ¶ 40). The ADA and Title VII contain similar prohibitions on retaliation; thus, ADA claims are assessed under the framework employed under Title VII. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). Accordingly, to survive summary judgment on a retaliatory hostile work environment claims, the plaintiff must demonstrate that (1) she engaged in statutorily protected activity, *id.*; (2) she was subjected to harassment that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination," *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 861 (11th Cir. 2020); and (3) a causal connection exists between the protected conduct and the harassment, *Stewart*, 117 F.3d at 1287.[2]

The City contends that Ms. Jones requesting an accommodation was not a protected activity because the request was not objectively reasonable; that denying her accommodation request cannot amount to harassment; and that Ms. Jones has

---

[2] The City argues that because the Eleventh Circuit has not issued an opinion holding that the ADA creates a retaliatory hostile work environment, no such cause of action exists. (Doc. 54 at 4). But the City offers no argument about why the statute cannot support such a claim, given that the ADA and Title VII share a similar framework and other key language in the statutes are virtually identical. (*See id.*); *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997) ("[W]e assess ADA retaliation claims under the same framework we employ for retaliation claims arising under Title VII"); *compare* 42 U.S.C. § 2000e-2(a)(1) *with* 42 U.S.C. § 12112(a). The court declines to address a question of first impression in this Circuit on such insufficient argument.

not established a causal connection between Ms. King's conduct and Ms. Jones's request for an accommodation. (Doc. 54 at 5–9). Because the City is correct about the lack of causal connection, the court will not address the first two arguments.

Ms. Jones argues that her supervisor, Antoinette King, created a hostile work environment in retaliation for Ms. Jones's accommodation request and subsequent reassignment to the switchboard. (Doc. 55 at 4–5). But as the court previously noted (doc. 49 at 11), the alleged hostile work environment began as soon as Ms. King became Ms. Jones's supervisor in December 2020, but Ms. Jones did not request an accommodation until July 2021. (*See* doc. 34-1 at 35, 39, 82). Accordingly, there is not a material dispute of fact as to whether a causal connection exists between the alleged harassment and her protected action.

Accordingly, the court **WILL GRANT** the City's motion on the retaliatory hostile work environment claim in Count Two.

## III.   CONCLUSION

The court **WILL GRANT** the City's motion and **WILL ENTER SUMMARY JUDGMENT** in its favor on the part of Count Two that asserts retaliatory hostile work environment.

The court will enter a separate final judgment consistent with this opinion.

4

**DONE** and **ORDERED** this April 30, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE